IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY_____D.C.

05 JUL -1 AM 7: 57

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

RODNEY LOUIS HARPER,

     Plaintiff,

v.                                                                No. 04-2292 B

THE FRESH MARKET, INC.,

     Defendant.

---

## SECOND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

---

This lawsuit was brought by the pro se Plaintiff, Rodney Louis Harper, on April 23, 2004 alleging employment discrimination. On July 6, 2004, the Defendant, The Fresh Market, Inc. ("Fresh Market"), moved for dismissal or, in the alternative, for an order staying this matter pending arbitration. When the Plaintiff failed to respond to the motion within the time for such response, see LR7.2(a)(2), Local Rules of the U. S. Dist. Ct. for the W. D. of Tenn. ("Local Rules")) (responses to Rule 12(b) motions must be filed within 30 days of service of the motion), the Court entered an order on August 17, 2004 directing Harper to show cause why this lawsuit should not be dismissed for failure to prosecute. Upon the Plaintiff's filing of a response to the order on August 27, the Court, in an order entered September 23, 2004, denied the motion to dismiss and granted the request to stay further proceedings and compel arbitration. The Court directed in part as follows:

> Based on the Plaintiff's failure to satisfy his burden of demonstrating, as he must, that this matter is unsuitable for arbitration, see Gilmer, 500 U.S. at 26, 111 S.Ct. at 1652, the Defendant's motion to stay this matter and compel arbitration is GRANTED. In so ruling, the Court assumes the parties have completed the first two steps in the dispute resolution process as set forth in the Agreement, that is, consultation and negotiation in good faith and mediation. If these prerequisites to arbitration have not

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on___7·5·05___

26

occurred, the parties are ORDERED to commence the process within fifteen (15) days of the entry of this order. The parties are further directed to advise the Court within thirty (30) days following resolution of the dispute if it occurs during the negotiation or mediation phases or, if not, within thirty (30) days after final disposition of arbitration proceedings. The Defendant's alternative request for dismissal is DENIED.

(Order Denying Def.'s Mot. to Dismiss, Granting Def.'s Mot. to Stay Further Proceedings and Compel Arbitration, and Denying as Moot Def.'s Mot. to Strike at 4.)

On February 25, 2005, the Defendant again moved to dismiss this matter, alleging that the Plaintiff had completely failed to comply with the Court's September 2004 order. Fresh Market first advised the Court that the parties had not in fact completed the first two steps in the dispute resolution process as set forth in the Agreement, that is, consultation and negotiation in good faith and mediation. They had, however, engaged in mediation sponsored by the Equal Employment Opportunity Commission ("EEOC"). On September 27, 2004, counsel for the Defendant submitted to the Plaintiff a letter request for a negotiation meeting to take place at counsel's offices on October 5, 2004. After a two-hour meeting, no resolution was reached.

At the conclusion of the failed negotiations, counsel inquired of Harper as to whether he wished to bypass the mediation process as contemplated by the employment agreement and submit the matter directly to arbitration, as mediation, albeit in connection with the EEOC, had already been conducted. The request was confirmed in a letter from counsel to Harper dated October 21, 2004. In the correspondence, attorney Robert Meyers noted that the Plaintiff "told [him] that [he] needed some time to consult with others but that [Harper] understood [his] obligations to timely respond regarding the mediation step." (Def.'s Mem. in Supp. of its Second Mot. to Dismiss, Ex.) Counsel further avers that he "saw Harper at an unemployment compensation hearing on December 21, 2004,

2

which was terminated when Harper refused to 'swear or affirm to tell the truth.' Harper did not discuss this case with The Fresh Market's counsel at that time." (Def.'s Mem. in Supp. of its Second Mot. to Dismiss at 3 n.4.) According to the Defendant, Harper has failed to respond to its request or to communicate in any manner whatever. Nor has he sought to further mediate this matter or engage in the arbitration process. Moreover, the Plaintiff has not responded to the instant dispositive motion, even though the deadline for such response has long passed. See LR7.2(a)(2), Local Rules.

Based on the assertions of the Defendant, the Court hereby orders the Plaintiff, within fifteen (15) days of the entry hereof, to show cause why this lawsuit should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. The Plaintiff is admonished that failure to respond in a timely manner to this order will result in dismissal of this action with prejudice.

IT IS SO ORDERED this 30th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CV-02292 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

Steven Hymowitz
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Rodney Louis Harper
4297 Boyce Avenue
Memphis, TN 38111

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable J. Breen
US DISTRICT COURT